Li v. Barr

BIA
A089 203 794

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of September, two thousand twenty.

PRESENT:
> JON O. NEWMAN,
> BARRINGTON D. PARKER,
> MICHAEL H. PARK,
> *Circuit Judges.*[1]

_____

YUJIAO LI,
> *Petitioner,*

v.                                          18-430
                                            NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:              Joshua Bardavid, New York, NY.

---

[1] Circuit Judge Peter W. Hall, originally a member of the panel, is currently unavailable. Circuit Judge Jon O. Newman has replaced Judge Hall on the panel for this matter. *See* 2d Cir. IOP E(b).

**FOR RESPONDENT:**        Joseph H. Hunt, Assistant Attorney General; Briena L. Strippoli, Senior Litigation Counsel; Benjamin Mark Moss, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yujiao Li, a native and citizen of the People's Republic of China, seeks review of a February 5, 2018, decision of the BIA denying Li's motion to remand. *In re Yujiao Li,* No. A 089 203 794 (B.I.A. Feb. 5, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

In her motion to remand, Li asserted that she feared persecution in China based on her conversion to Catholicism. We review the BIA's denial of a motion to remand for abuse of discretion and any country conditions determination for substantial evidence. *See Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 156–57 (2d Cir. 2005); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). "A motion to remand that relies on newly available evidence is held to

2

the substantive requirements of a motion to reopen." *Li Yong Cao*, 421 F.3d at 156. The BIA may deny a motion to remand if the movant fails "to make a prima face case of eligibility for asylum." *Id.* The movant bears the "heavy burden of demonstrating a likelihood that the new evidence presented would alter the result in the case." *Id.* (internal quotation marks omitted). To establish eligibility for asylum based on activities commenced in the United States, "an alien must make some showing that authorities in h[er] country of nationality are either aware of h[er] activities or likely to become aware of h[er] activities." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008).

The BIA did not abuse its discretion in concluding that Li failed to establish her prima facie eligibility for relief because she did not demonstrate that Chinese officials were aware or likely to become aware of her religious practice. *See id.* Li did not assert that Chinese officials were already aware of her religious practice in the United States. And Li's evidence in support of her motion provided that there are tens of millions of Christians practicing in unregistered churches in China and that officials in some areas do not interfere with religious practice in unregistered churches.

3

Contrary to Li's argument that the BIA should have taken administrative notice of more recent country conditions evidence given the years that had passed since she filed her motion, it was her burden to establish that remand was warranted, and she did not attempt to submit more recent country conditions evidence despite having an opportunity to do so. *See Li Yong Cao*, 421 F.3d at 156. Further, the more recent evidence she cites is materially similar to the evidence that was already before the BIA: both provide that there are tens of millions of practicing Christians in China, that in some areas of China officials do not interfere with unregistered religious groups while in other areas they monitor and persecute religious practitioners, and that officials increased scrutiny of certain religious groups over certain periods.

Therefore, because the BIA did not err in concluding that Li failed to show a realistic chance of establishing that Chinese officials would likely discover her religious practice, it did not abuse its discretion in denying her motion to remand to apply for asylum. *See Hongsheng Leng*, 528 F.3d at 143.

For the foregoing reasons, the petition for review is

4

DENIED.  All pending motions and applications are DENIED and stays VACATED.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe,
                                    Clerk of Court